**AMERICAN SAMOA GOVERNMENT,**

**v.**

**RICKY ANTHONY PU`AA.**

High Court of American Samoa
Trial Division

CR No. 29-96

June 17, 1997

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiff, Lionel M. Riley, Assistant Attorney General
 For Defendant, Brian Thompson

Defendant Ricky Anthony Pu`aa ("Pu`aa") moves for reduction or modification of his sentence. The court heard the motion on June 9, 1997. Pu`aa and both counsel were present.

On February 25, 1997, Pu`aa was sentenced on his conviction by jury of the offense of possession of the controlled substance of methamphetamine. The court sentenced Pu`aa to five years' imprisonment, execution suspended. He was then placed on probation for five years, on several conditions, including that he serve a period of 20 months' detention, without release except for a genuine medical emergency or by prior court order.

Five years is the maximum term of imprisonment for possession of a controlled substance under current American Samoa law. Pu`aa would be eligible for parole in 20 months if we had imposed this maximum. Instead, we chose a probated sentence with 20 months' detention. We did so to retain direct control, for the longest permissible period, over Pu`aa's time in custody and to still hold in abeyance five years' imprisonment should he violate the conditions of his probation.

Pu`aa is now requesting that the court reduce or modify his detention period to permit release for remunerative employment, home plantation work, or further education. He justifies his request by alleging that he is remorseful, rehabilitated, has employment for his existing trade skills and professional architect ambitions, can be immediately useful to his family, has no prior

170

criminal record, and poses no danger to society. In sum, he argues that the community would be better served if he was immediately engaged in more socially productive pursuits.

Pu`aa, however, overlooks a principal factor in the court's sentence. He stands convicted of possessing the illegal drug methamphetamine. He brought to American Samoa a large quantity of this drug planned for distribution. The immediate offense is very serious and clearly forebodes a present and future threat to this community. We purposely selected the available maximum under the law for a probated sentence and would have done likewise if we chose to impose an outright prison sentence. The intended deterrent effect of the sentence was and still is of paramount importance.

The motion to reduce or modify the sentence is denied.

It is so Ordered.